UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARTIN DYCH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | ) CASE NO. 3:20-cv-157 |
| | ) |
| TYSON FRESH MEATS, INC., | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.    NATURE OF THE CASE

1. Plaintiff, Martin Dych ("Dych" or "Plaintiff"), by counsel, brings this action against the Defendant, Tyson Fresh Meats, Inc. ("Defendant"), alleging violations of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

### II.  PARTIES

2. Dych is a resident of the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Northern District of Indiana.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Northern District of Indiana.

### III.    JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A).

1

6. Dych was an "employee" as that term is defined by 42 U.S.C. §12111(4).

7. Dych satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination. Dych received the required Notice of his Right to Sue and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Northern District of Indiana; thus, venue is proper in this Court.

## IV.  FACTUAL ALLEGATIONS

9. Dych, who is deaf, is a qualified individual with a disability as those terms are defined by the Americans with Disabilities Act.

10. Dych was hired by Defendant in or about December 2017.

11. There are approximately five deaf individuals at the Logansport plant.

12. Defendant does not provide reasonable accommodations for the deaf population at Tyson.

13. Defendant does not provide deaf workers with suitable access to an ASL interpreter during interviews, training, testing, performance reviews, safety meetings and when discussing issues with human resources, the nurse or the union.

14. As recently as June 25, 2019, Gabriela Moore, Human Resources, threatened to terminate Dych's employment if he continued to request an ASL interpreter instead of VRI.

15. On or about July 10, 2019, Dych requested an ASL interpreter if the VRI did not work. Moore refused and told Dych that an interpreter was not necessary and that his other option was to not work.

16. Defendant's emergency alarms do not have flashing lights or another mechanism to alert the deaf individuals and others of an emergency.

17. Defendant's mules do not have flashing lights to alert deaf individuals and others of its presence and operation.

18. Defendant does not train any of its supervisors in sign language to assist them in communicating with their deaf workforce.

19. Defendant refuses to utilize suitable equipment, such as a Sorenson Video Phone, for translation services.

20. Dych and others have requested the foregoing accommodations and Defendant has disregarded their requests without even engaging in the interactive process.

21. Throughout his employment, Dych has been denied accommodations and subjected to ridicule as a result of his disability. For example, Dych injured his wrist at work in March 2018. As a result, Dych should have been placed on light duty so that he could heal; however, he was continually placed in an assignment (Hang Ham) that aggravated his injury. Each time Dych attempted to report to medical, Jessica, his supervisor, would interject, explain the situation to the nurse and have additional follow up conversations with the nurse. Dych was unable to meaningfully participate

in these discussions due to his disability and his requests to have an ASL interpreter present were denied.

22.     Likewise, Dych's advancement has been delayed or denied as a result of his disability.  In or about May 2018, Dych should have been training on Align Hogs. When he first asked to train, Jessica, his supervisor, said that he could not do the job because he could not hear the horn.  Dych proposed an accommodation and eventually, he was allowed to begin training.  Yet, he was routinely given excuses and the run around for why he was not being given the opportunity to train on the Align Hogs position.  Again, in September 2018, Dych had been invited to train on Ribs Pull, but his training was repeatedly delayed by Jessica.  When Dych requested an explanation for the delays, he was not provided direct responses and denied a meaningful opportunity to participate in the discussions because there was no ASL interpreter available.

## V. CAUSES OF ACTION

23.     Dych hereby incorporates by reference paragraphs one (1) through twenty-two (22) of her Complaint as if the same were set forth at length herein.

24.     Defendant discriminated against Dych on the basis of his disability by subjecting him to disparate treatment.

25.     Defendant discriminated against Dych on the basis of his disability by failing to engage in the interactive process in good faith and denying him reasonable accommodations.

26.     Defendant's actions were intentional, willful and in reckless disregard of Dych's legally protected rights as protected by the Americans with Disabilities Act, as

amended, 42 U.S.C. §12101 *et. seq.*

27.   Dych has suffered damages as a result of Defendant's actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Martin Dych, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1.   Order the Defendant to reasonable accommodate Dych and the rest of its deaf workforce by implementing each of the foregoing accommodations and any other reasonable accommodations identified during the litigation of this action;

2.   Place Dych in the position, salary and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Dych of front pay in lieu thereof;

3.   All wages, benefits, compensation and other monetary loss suffered as a result of Defendant's unlawful actions;

4.   Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5.   Compensatory damages for Defendant's violations of the ADA;

6.   Punitive damages for Defendant's violation of the ADA;

7.   Costs and attorney's fees incurred as a result of bringing this action;

8.   Pre- and post-judgement interest on all sums recoverable; and

9.   All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ Andrew Dutkanych
Andrew Dutkanych
411 Main Street
Evansville, Indiana 47708
Telephone:  (812) 424-1000
Facsimile:   (812) 424-1005
Email: ad@bdlegal.com

## DEMAND FOR JURY TRIAL

Plaintiff, Martin Dych, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ Andrew Dutkanych
Andrew Dutkanych
411 Main Street
Evansville, Indiana 47708
Telephone:  (812) 424-1000
Facsimile:   (812) 424-1005
Email: ad@bdlegal.com